This civilian pay case is before the court on respondents’ motion to transfer the case from the appeal docket to the regular docket, to dismiss the named respondents as improper parties, and to substitute the United States as sole defendant. Plaintiff has filed no response. The decision turns on whether plaintiffs claim is governed by the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111. If the claim is governed by the Reform Act, the case *919 belongs on the appeal docket. Ct. Cl. Rule 171(a). If it is governed by prior law, it belongs on the regular docket with the United States as defendant.
Plaintiff was employed as a long-distance truckdriver by the United States Postal Service. His employment was terminated March 2, 1978. This was before the effective date of the Reform Act, which was January 11, 1979. § 907, 92 Stat. 1227. The termination was affirmed April 20,1979, after the Act took effect, by the new Merit Systems Protection Board. Thereafter, plaintiff brought suit in this court for reinstatement and other relief, alleging that his termination was unlawful.
The petition names the Postal Service and the Merit Systems Protection Board as respondents, and purports to be a petition for review of a decision of the board pursuant to section 205 of the Reform Act. 92 Stat. 1143. The petition was docketed on May 21, 1979, on the court’s regular docket. On May 22, 1979, on its own motion, the court ordered the case placed on the appeal docket, which covers cases under the Civil Service Reform Act. See Ct. Cl. Rules 171-181. Respondents argue the claim is not covered by the new Act and move that the case be transferred back to the regular docket.
Whether plaintiffs claim is covered by the new Act depends on the interpretation of the Act’s savings clause. § 902, 92 Stat. 1224. Section 902, paragraphs (b) and (c) are as follows:
(b) No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.
(c) No suit, action, or other proceeding lawfully commenced by or against the Director of the Office of Personnel Management or the members of the Merit Systems Protection Board, or officers or employees thereof, in their official capacity or in relation to the discharge of their official duties, as in effect immediately before the effective date of this Act, shall abate by reason of the enactment of this Act. Determinations with respect to any such suit, action, or other proceeding shall be made as if this Act had not *920 been enacted. We interpret this to mean that the new Act does not cover instances where, as here, a claimant’s employment is terminated by the employing agency before the effective date of the Act, January 11, 1979, even though an administrative appeal is taken or a suit is filed in court to review the agency’s action after January 11, 1979. We note that this interpretation conforms with the Merit Systems Protection Board regulations promulgated after this suit was filed. 44 Fed. Reg. 38,360 (1979) (codified in 5 C.F.R. § 1201.191).
Thus, we conclude that our previous order transferring this case to the appeal docket was in error.
therefore, it is ordered that the order in this case filed May 22, 1979 (unreported) is vacated and the case is transferred to the regular, general jurisdiction docket. The named respondents are dismissed and the United States is substituted as sole defendant. The United States is granted 30 days from the date of this order within which to respond to the petition.