Civilian pay; abolishment of position; right to retired pay on involuntary separation. — On December 14, 1979 the court entered the following order:
Before Friedman, Chief Judge, Cowen, Senior Judge, and Kunzig, Judge.
Plaintiff, a former employee of the Veterans Administration (VA), brought this action seeking, in the alternative, retired pay retroactive to August 17, 1973, as a result of alleged involuntary separation from her position with the VA, or as of August 30, 1974, as a result of alleged voluntary early retirement from her position with Defense Contract Administration Services Region (DCASR), Department of Defense, while it was undergoing a major reduction-in-force. The case is before the court on defendant’s motion for summary judgment.
Plaintiff was a classified Civil Service employee. After she had completed more than 25 years of Government service, she alleges that she was informed that her job as Voucher Auditor, GS-6, Fiscal Services Division, at the Cleveland, Ohio, VA Hospital was to be abolished and that she was to be transferred to a position as Control Point Clerk, GS-5, at the Brecksville, Ohio, VA Hospital, located about 25 miles from Cleveland. The record shows that on July 23, 1973, she and other employees of the Fiscal Services Division were informed that the fiscal activities of *517 the Cleveland and Brecksville Hospitals were to be consolidated and located in Brecksville.
On August 6, 1973, she made application for involuntary retirement on the grounds that she had been advised that there were no positions at the Cleveland Hospital in her GS grade level, GS-6(9); that she would be compelled to change her place of residence to continue employment at the Brecksville Hospital, and that this would cause tremendous hardship to her family. She also stated that the Brecksville Hospital was not within reasonable and ordinary commuting distance from her home, and asked that her resignation be made effective as of the close of business August 17, 1973.
On August 15, 1973, the VA notified the Bureau of Retirement, Insurance and Occupational Health (BRIOH) of the Civil Service Commission that Miss Gurland had applied for a discontinued-service retirement on the grounds that severe health problems of members of her family and the travel distance to the new location would require her to change her residence in order to continue her employment, and that Brecksville is not within reasonable and ordinary commuting distance from her residence in Cleveland. On September 21, 1973, the BRIOH notified the VA that the separation or resignation of Miss Gurland would not be considered an involuntary retirement, because she would not be compelled to change her established residence in order to continue in employment. The letter stated that in view of her access to a high-speed highway and the availability of public transportation, the change in her commuting condition was not sufficient to effect an involuntary separation.
On October 3, 1973, plaintiff appealed the adverse decision of the BRIOH, contending that she was entitled to be retired involuntarily on the ground that she had been advised by the Chief of the Fiscal Services Division on June 26, 1973, that her job was being abolished and that she would be transferred to the Brecksville Hospital as a Control Point Clerk. As additional grounds for the approval of her application, she stated that in view of the physical condition of her sister, with whom she lived and of whom she took care, and of her 81-year-old father, it would be impossible for her to move to Brecksville or to commute to the new location from her home in Cleveland.
*518 On October 19, 1973, the VA submitted to BRIOH additional information relating to plaintiffs application for retirement and requested that her application for a discontinued-service retirement be acted upon favorably. This request was denied by BRIOH on November 30, 1973, in a letter which advised her that her case was being referred to the Board of Appeals and Review for final adjudication.
In a decision issued January 18, 1974, the Board of Appeals and Review affirmed the action of the BRIOH, which denied plaintiffs application for discontinued-service retirement. The Board held that while the personal gravity of plaintiffs family situation was not in dispute, the overriding consideration was whether plaintiff could neet the established guideline for retirement under the discontinued-service provision of the law — that is, whether she would be compelled to change her established residence in order to continue her employment. The Board found that she did not satisfy this requirement, because the new location was within reasonable and ordinary commuting distance from her home. On February 20, 1974, the Board denied the VA’s request for reconsideration of the Board’s adverse decision.
On July 15, 1974, plaintiff accepted re-employment with the Defense Contract Administration Service Region (DCASR), Department of Defense, in Cleveland, Ohio. On August 24, 1974, she requested permission for early retirement under a provision of the law which made an employee eligible for early retirement in an agency recognized by the Civil Service Commission to be undergoing a major reduction-in-force. On September 10, 1974, the BRIOH advised plaintiff that her application for "early retirement” had been denied, because she could not comply with the terms of the applicable Civil Service regulation. It was explained that the regulation required that to be eligible, the employee had to be serving with the affected agency for at least 30 days prior to the date of the agency’s letter to the Civil Service Commission requesting authorization to utilize the early retirement procedure. Since the Department of Defense request to the Civil Service Commission for authorization to utilize the early retirement procedure was executed March 18, 1974, plaintiff was *519 advised that she would have had to have been on duty there since February 16, 1974, in order to meet the requirement for early retirement.
After hearing oral argument, considering the briefs of the parties, and reviewing the administrative decisions, we find that both decisions on plaintiffs applications for retirement were supported by substantial evidence; are not arbitrary nor capricious; are not procedurally defective, and are otherwise legally correct, with one important exception. This exception precludes the granting of defendant’s motion for summary judgment and requires remand of the case to the Trial Division.
As previously stated, one of the principal grounds relied on in plaintiffs application for involuntary retirement and in her appeal from the adverse decision of the BRIOH to the Board of Appeals and Review was that her position had been abolished. In Subchapter Sll of the Federal Personnel Manual Supplement 831-1, issued May 11, 1964, "Abolishment of Position” is listed as one example of an involuntary separation. Despite the fact that plaintiff relied on the abolishment of her position as one of the grounds entitling her to involuntary retirement, neither the BRIOH nor the Board of Appeals and Review made a specific finding or determination on this issue. The January 18, 1974, decision of the Board of Appeals and Review merely stated that "while some initial adjustment in employee duties was expected [of plaintiff], no change was to be made in rate of pay, rank, or compensation.” We cannot accept this statement as a clear and unequivocal finding which disposes of plaintiffs contention that her job at the Cleveland Hospital had been abolished. Moreover at oral argument, her counsel informed us that if given the opportunity to do so, plaintiff would be in a position to prove that her position at the Cleveland Hospital was in fact abolished.
In view of the foregoing, the case is hereby remanded to the trial judge[1] with instructions to hear evidence on the question of whether plaintiffs job at the Cleveland *520 Hospital had been abolished on or about the time of the transfer of the functions of the Fiscal Services Division from the Cleveland Hospital to the Brecksville Hospital. Pursuant to the rules, the trial judge shall also make findings of fact and conclusions of law on the issue of whether plaintiffs position was abolished and she was involuntarily separated within the meaning of the applicable regulations, including the Federal Personnel Manual; whether she is entitled to retired pay retroactive to August 17, 1973, and if so, the amount which she is entitled to recover.

 The final decision on plaintiffs claim was rendered by the Civil Service Commission on February 20, 1974, about 4 years before the effective date of the Civil Service Reform Act of 1978. See Gaskins v. United States Postal Service 221 Ct. Cl. 918 (1979).