Court of Claims jurisdiction; effect of absence of money claim in proceeding pending when Civil Service Reform Act took effect. — On February 29, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This case is before the court on defendant’s motion to dismiss and plaintiffs’ opposition thereto. Plaintiffs were and are criminal investigators, GS-1811, under the Internal Revenue Service. Their complaint relates to an adverse action which, however, was a reduction in rank with no change in grade, salaries, or duties. They do not have a money claim. The reduction in rank was to be effected by inserting over them a new level of supervision operating between them and higher levels in the Inspection Service, to which they belong. They received notice under date of July 17, 1978, filed a written reply on August 23, 1978, and the decision was affirmed September 15, 1978. They *686 appealed to the then existing Civil Service Commission, which accepted the appeal October 17, 1978. Under date of March 13, 1979, the new Merit Systems Protection Board ruled that the case was not within its jurisdiction. This suit was filed April 23, 1979.
The Civil Service Reform Act, 5 U.S.C. § 7701 and ff, as amended, became effective January 11, 1979, but contains a savings clause prescribing that where the adverse action was effected before the date of enactment, the new law does not apply and the old remains in effect, "(b) No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.” Pub.L. No. 95-454, 5 U.S.C. § 1101 (note 1). Cf. Gaskins v. United States, 221 Ct. Cl. 918 (1979). Under the old law there can be no question but that a plaintiff here has to have a claim for money. Otherwise, we lack jurisdiction. United States v. King, 395 U.S. 1 (1969). Whether the new law in 5 U.S.C. § 7703 eliminates the money claim requirement can be left until the case arises.
Plaintiffs say it is unfair and inequitable to disappoint their reliance on the new law in this fashion, and perhaps it is, but our notions of fairness and equity do not operate to enlarge our jurisdiction, as prescribed in the Tucker Act, 28 U.S.C. § 1491, and by the U. S. Supreme Court. The statement that this court is "the conscience of the nation” is true only within very rigid jurisdictional limitations, over which we enjoy no control. Congress has many times exercised its conscience by authorizing suits against the United States or its officials only elsewhere than in the Court of Claims, or not at all. Our holding is not, as plaintiffs urge, arrived at solely by giving retroactive effect to a regulation issued after the suit was filed. We are giving effect to a rule that has obtained since this court was founded, and could be repealed only by specific statute. Plaintiffs cite no provision of the new law which would help them.
Accordingly, upon consideration of the petition, the motion, and plaintiffs’ opposition, but without oral argument, defendant’s motion to dismiss is granted and plaintiffs’ petition is dismissed.