Pleading and practice; suit pending in another court; Court of Claims jurisdiction; suspension to await district court action. — On April 25, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
This case is before the court on defendant’s motion for summary judgment. Plaintiff, acting pro se, opposes the *778 motion. Plaintiff was formerly employed by the U. S. Postal Service. On December 13, 1978, the Postal Service issued notice of plaintiffs proposed removal. Plaintiff responded to the Postal Service which then, on January 9, 1979, issued notice that plaintiff would be removed effective January 23, 1979. Plaintiff appealed to the United States Merit System Protection Board and received the decision of that body sustaining his removal on June 5,1979.
Several years prior to these actions, plaintiff had instituted an action in the Eastern District of Pennsylvania against the Postal Service and Benjamin F. Bailar, then Postmaster General of the Postal Service, alleging that the Postal Service had refused to hire him because of his race. On November 15,1976, the parties in that action entered into a stipulation for voluntary dismissal with prejudice. Pursuant to that stipulation, the plaintiff was hired by the Postal Service.
On November 13, 1978, plaintiff filed a motion in the District Court for the Eastern District of Pennsylvania to withdraw and set aside the stipulation for voluntary dismissal alleging that the Postal Service was discriminating against him due to his physical and medical handicaps in violation of the terms of the stipulation. Plaintiff requested reassignment within the postal system and reinstatement of his original complaint. The district court ordered a hearing on plaintiffs allegation that he was being discriminated against as retaliation for having initiated the original court action. To date the district court has not ruled on plaintiffs motion to set aside the stipulation or plaintiffs motion for leave to amend the complaint. Plaintiff is seeking to substitute an amended complaint for monetary and injunctive relief based on the same facts presently before this court and is alleging:
* * * violations of the Veterans Preference Act, 5 U.S.C. § 2108(3)(C); the Rehabilitation Act of 1973, 29 U.S.C. § 791; the Veterans Benefit Act, 38 U.S.C. §§ 2011(1) and 4014(c) [2014(c)?]; the United States Postal Service Reorganization Act of 1970, 39 U.S.C. § 1003(b), and the personnel policies and regulations; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964, as amended 1972, 42 U.S.C. *779 §2000e-16; and the Due Process Clause of the Fifth Amendment of the United States Constitution.
Hence, plaintiff has presently pending in the Pennsylvania litigation both his motion to set aside the stipulation and his motion for leave to file an amended complaint.
On December 17, 1979, plaintiff filed the instant petition charging violations of the Civil Service Reform Act of 1978, 5 U.S.C. § 7703, and seeking reinstatement and back pay.
Defendant argues plaintiffs petition in this court must be dismissed because plaintiff has failed to state a claim upon which relief may be granted since the Civil Service Reform Act of 1978, 5 U.S.C. § 7703 (Supp. Ill, 1979), does not apply to cases which were pending administratively on the date it became effective and because 28 U.S.C. § 1500 (1970) deprives this court of jurisdiction since plaintiff has pending in the Eastern District of Pennsylvania a suit against the United States "for or in respect to” the claim asserted in this court.
Defendant relies on our order of October 23, 1979, in Gaskins v. United States, 221 Ct. Cl. 918 (1979), where it was held that the claim in that case was not governed by the Civil Service Reform Act of 1978 because the plaintiffs employment was terminated before the effective date of the Act, January 11,1979.
In Gaskins a simple notice of termination was given before January 11, 1979. The instant case involves more than a simple notice of termination. Plaintiff has moved to withdraw and set aside the stipulation for voluntary dismissal (filed November 13, 1978), in his district court action. The district court ordered, on April 25, 1979, that the motion be heard on May 30, 1979, and that evidence would be received in support of that motion. Such motion is still pending before the district court. The motion alleges continuing wrongful acts on the part of the defendant; such acts after January 11, 1979, may be material to plaintiffs motion before this court.
With relation to the 28 U.S.C. § 1500 issue raised by defendant, we note that in Camero v. United States, 170 Ct. Cl. 490, 345 F. 2d 798 (1965), we held the pendency of an action by a former classified civil service employee in a *780 United States district court for reinstatement and a declaratory judgment that his discharge was wrongful did not affect the jurisdiction of the Court of Claims over a suit to recover back salary from the date of the alleged wrongful removal.
In that regard, plaintiff argues that the defendant is in error in alleging that plaintiff is asserting essentially and simultaneously the same prayer for relief. Plaintiff avers he is seeking, before the district court, injunctive relief and a declaratory judgment, with normal and punitive damages in the amount of $50,000,000; and restoration and reinstatement of his position in this court. Cf. Pitt River Home & Agricultural Coop. v. United States, 215 Ct. Cl. 959 (1977). Plaintiff also alleges racial discrimination issues before this court. Cf. Murphy v. United States, 222 Ct. Cl. 685 (1980) (the court questioned whether 5 U.S.C. § 7703 removed the money claim requirement for jurisdiction in certain instances which are relevant here).
Because of the potential importance of the motion pending before the district court regarding the alleged continuing wrongful acts of the defendant, the apparent difference in relief sought in the two forums, and the important questions raised by 5 U.S.C. § 7703, the cause of action before this court is suspended pending the outcome of the district court litigation.
it is therefore ordered that defendant’s motion for summary judgment, considered without oral argument, is denied. This cause of action is suspended pending the disposition of the action in the United States District Court for the Eastern District of Pennsylvania. Plaintiff is ordered to report to this court each six months after the date of this order the status of his action in the said United States District Court for the Eastern District of Pennsylvania.