This civilian pay case is before the court on defendant’s motion (i) to transfer the case from the regular docket to the appeal docket as a petition for review and to substitute the United States Department of the Air Force (Air Force) and the Merit Systems protection Board (MSPB) as respondents in lieu of the United States, and (ii) to dismiss the petition for review as untimely under 5 U.S.C. § 7703(b)(1) (Supp. Ill 1979). The pro se plaintiff offers no opposition to the first part of defendant’s motion; he does oppose part (ii). The single issue before us is whether plaintiff requested the MSPB to review the decision of its Denver field office denying his claim that his non-disability retirement was involuntary. For the reasons stated below, we hold that plaintiff did not make such a request. Accordingly, we grant defendant’s motion to transfer and to dismiss.
The pertinent facts are as follows. In August 1979, plaintiff was a GS-13 systems accountant with the Air *723 Force at Lowry Air Force Base, Colorado. Early in that month, he submitted an application for non-disability retirement. Effective September 7, 1979, he was granted such retirement. On September 25, 1979, plaintiff filed an appeal with the MSPB, alleging that the Air Force had "forced” him to apply for non-disability retirement and that his retirement was involuntary.[1] His appeal was dismissed by the Denver field office of the MSPB on January 8,1980.[2] By certified mail plaintiff received a copy of this decision on January 9, 1980.
The decision stated in part:
This is an initial decision. It will become a final decision of the Merit Systems Protection Board on FEB 12 1980 unless a petition for review is filed with the Board * * *. * * * * *
* * * The petition for review must be received by the Secretary of the Merit Systems Protection Board, Washington, D.C. 20419, no later than FEB 12 1980. Three copies of the petition must be filed with the Secretary.
In a letter dated January 9, 1980, and addressed to United States Senator William Armstrong, plaintiff criticized the decision of the Denver field office in several respects. In the letter, he requested Senator Armstrong to sponsor a private relief bill which would redress what plaintiff continued to assert was the involuntariness of his non-disability retirement.
Plaintiff forwarded a copy of this letter (hereafter the Armstrong letter) to the Denver field office. It received the copy on January 11, 1980. At no time after receiving the copy did the MSPB regard or treat it as a "petition for review.” The MSPB never acknowledged to plaintiff that it received the copy and never responded to the criticisms which he stated in the Armstrong letter.
Plaintiff filed his petition in this court on October 23, 1980. The petition was enrolled on the regular docket, and *724 names the United States as defendant. In effect, the petition requests the court to set aside the decision of the MSPB denying plaintiffs claim that his non-disability retirement was involuntary.
As plaintiff applied for and received non-disability retirement after the effective date of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111,[3] his action in this court is governed by the act. Cf. Gaskins v. United States Postal Service & Merit Systems Protection Board, 221 Ct.Cl. 918 (1979), (construing savings clause of act and holding that where employee termination occurs prior to effective date of act, the case belongs on the regular docket). One provision of the act is codified at 5 U.S.C. § 7703. Section 7703(a)(1) provides: "Any employee * * * adversely affected * * * by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.” This right is qualified by section 7703(b)(1), which reads in pertinent part: "Notwithstanding any other provision of law, any petition for (judicial] review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.” (Emphasis supplied.)
Section 1201.113 of 5 C.F.R. (1980) provides in part:
The initial decision of the [MSPB] shall become final 35 days after issuance.
(a) Exceptions. The initial decision shall not become final if any party files [with the MSPB] a petition for review * * * within 35 days after issuance of the decision.
Section 1201.114(c) of 5 C.F.R. provides: "A petition for review shall be filed with the Secretary of the Merit Systems Protection Board, Washington, D.C. 20419.”
Plaintiff contends that the MSPB should have treated the copy of the Armstrong letter which he forwarded to its Denver field office, as a petition for review. Defendant contends that the MSPB acted correctly in not so treating *725 the copy and, therefore, that plaintiffs action in this court is time-barred under 5 U.S.C. § 7703(b)(1).[4] We agree with defendant.
Plaintiffs forwarding a copy of the Armstrong letter to the Denver field office was not tantamount to petitioning the MSPB to review its initial decision (that is, to review the decision of the Denver field office). The Armstrong letter was not addressed to the MSPB, and did not contain a request that the MSPB set aside its initial decision.[5] The letter did not contain a request that the MSPB treat the letter as a petition for review. Plaintiff made no such request independently of the letter. The letter contained no request that it be forwarded to the Secretary of the MSPB in Washington, D.C. Plaintiff had been expressly informed, in the initial decision of the MSPB, that a petition for review "must be received by the Secretary of the Merit Systems Protection Board, Washington, D.C. 20419 * * Finally, plaintiff apparently forwarded only one copy of the letter to the Denver field office. In the initial decision of the MSPB, he had been informed that "[TJhree copies of [a] petition [for review] must be filed with the Secretary.”
In sum, not only did the MSPB act correctly in not treating the copy of the Armstrong letter as a petition for review, it is likely that plaintiff did not intend the copy to serve as such. Cf. McKechnie v. United States, ante at 113, 648 F.2d 1300 (1981), (letter to head of employing agency alleging an involuntary reduction in grade was not intended as and did not constitute an appeal to the MSPB). We hold that the copy of the Armstrong letter did not constitute a petition to the MSPB for review of the decision of its Denver field office and, therefore, that this decision became final on February 12, 1980. Thus plaintiffs action in this court, commenced more than 30 days after the foregoint date, is timebarred under 5 U.S.C. § 7703(b)(1). Coleman v. Department of the Army, ante at 536.
it is therefore ordered, after consideration of all the parties’ submissions and other papers offered for submis *726 sion, that (i) the case is transferred from the regular docket to the appeal docket as a petition for review, (ii) the United States is dismissed as defendant and the United States Department of the Air Force is substituted as respondent,[6] and (in) the petition for review is dismissed as untimely.

 More specifically, plaintiff contended that the Air Force’s "refusal to grant him indefinite sick leave, pending his filing of a disability retirement application, forced him into filing for optional [non-disability] retirement because his physical condition prevented him from performing the duties of his position.” McCanless v. Department of the Air Force, MSPB, Denver Field Office, Decision No. DE752090024, at 1.

 The Denver field office determined that plaintiffs "application for optional retirement was submitted voluntarily.” Id. at 2.

 The effective date is January 11, 1979.

 It is not necessary that the MSPB be added as corespondent. See 5 U.S.C. § 7703(a)(2).

 In defendant’s view, the decision of the Denver field office became final on February 12, 1980. October 23, 1980, the date this action was commenced, was substantially more than 30 days after February 12.

 Rather, the letter requested Senator Armstrong to sponsor a private relief bill.