per curiam:
This is a case by a former guard in the Security Department of the United States Naval Base at Subic Bay, Philippines, who has been denied a civil service annuity by the Office of Personnel Management (opm) and the Merit Systems Protection Board (mspb). The case has been docketed as an appeal to this court under the Civil Service Reform Act.
Respondent levies a broad-scale attack against any appellate jurisdiction in this court to entertain an appeal under the Civil Service Reform Act from a decision of the mspb refusing a voluntary application for a retirement annuity. Respondent admits, however, that we appear to have jurisdiction under the general provisions of 28 U.S.C. § 1491. We need not delve into this intricate subject because we are well satisfied that, in any event, petitioner has no proper right to an annuity, and that we have jurisdiction in one form or the other.
The nub of the case on the merits is that excepted, indefinite employees of the Federal Government are not entitled to a civil service annuity (see Executive Order 10,180, 3 C.F.R. 363 (1950); 5 C.F.R. § 831.201(a)(13) and (14)), and petitioner’s job has always been under an indefinite appointment in the excepted service. His initial appointment and subsequent personnel documents expressly stated that he was not covered by the Civil Service Retirement Act. No deductions for such an annuity were taken from his salary. In 1979 he was separated for disability and received retirement pay, not under the Retirement Act, but under a collective bargaining agreement. In Guevara v. United States, 229 Ct. Cl. 595 (1981), we specifically held that a Filipino with a comparable claim of indefinite, excepted service (but insufficient covered service) could not recover. That decision is controlling.
Petitioner points out that he had 24 years of continuous service but, under the statute and the regulations, the length of that period makes no difference because all of it was in an indefinite, excepted position. He also argues that others have received civil service annuities for employment like his, but he does not give us the specific conditions of those employees’ service or show how close they were to his status. In any event, we have indicated that prior adminis *909 trative rulings cannot be relied upon as governing if they plainly contravene the law. Baker v. United States, 222 Ct. Cl. 263, 614 F.2d 263, 267 (1980).
Without oral argument, and without deciding whether this case is properly here as a technical appeal, we affirm the decision of the MSPB. Petitioner is not entitled to recover whether his case is properly here on appeal or whether he is considered to be suing under our general jurisdiction, it is so ordered.