The pro se petition for review in this case would have the court set aside the final decision of the Merit Systems Protection Board (mspb), entered February 9, 1982, and mandate the award of Civil Service retirement pay to petitioner. Respondent moves for affirmance of the mspb decision. Without oral argument we grant the motion, which is unopposed.
The appeal is by a Philippine citizen who worked for a time for the United States Navy in the Philippines. It appears from the record in this case that the petitioner first challenged a decision made on August 22, 1979, reaffirmed on July 3, 1980, by the Office of Personnel Management (opm), which denied him the benefits sought on the grounds that he had no service which was covered by the Civil Service Retirement System. Petitioner’s appeal was considered by the Merit Systems Protection Board, San Francisco Field Office. By an opinion on November 1, 1980, No. SF08318010069, the opm decision was affirmed. The mspb opinion carefully reviewed the claim, discussed the jurisdiction, petitioner’s service and the documentary evidence of his work record, and found that he had not completed at least 5 years of civilian service for basic retirement eligibility under the applicable law. 5 U.S.C. § 8333(a) (1976). While he had worked for a longer period than that, all of this service was in a temporary or intermittent or excepted classification. These nonpermanent positions are explicitly excluded from the retirement system by 5 C.F.R. §831.201 (1981) as authorized by 5 U.S.C. § 8347(g) (1976). Certain Executive orders also implement the statute and regulation.
A petition for review of the Field Office decision received the attention of the Merit Systems Protection Board in Washington, D.C. In an opinion and order on February 9, 1982, the petition for review was denied. The board *926 discussed petitioner’s contentions which he advanced as entitling him to retirement benefits and found them to be without merit. He submits to the court the same allegations as made below.
Our scope of review is limited by the provisions of the Civil Service Reform Act of 1978, 5 U.S.C. § 7703 (Supp. IV 1980). It is our conclusion that petitioner has shown us no grounds upon which we can disagree with the administrative decisions in this case, which were carefully considered. This case is squarely governed by our decision in recent, similar matters. Valenzuela v. United States, ante at 907; Castro v. Office of Personnel Management, ante at 867; Cubacub v. Department of the Navy, 230 Ct.Cl. 908 (1982).
it is therefore ordered that respondent’s motion be and it is hereby granted, and the decision of the Merit Systems Protection Board is affirmed.
Plaintiffs motion for rehearing was denied September 30, 1982.