Civilian pay; Civil Service retirement; involuntary retirement; abolishment of position; estoppel. — Plaintiff seeks review of a decision of the Board of Appeals and Review of the Civil Service Commission affirming the decision of the Bureau of Retirement, Insurance and Occupational Health that plaintiff was not eligible for discontinued service (early) retirement following her resignation from her position at the Wade Park Veterans’ Administration Hospital in Cleveland, Ohio, in 1973, after the office where she worked was consolidated with a similar office at the nearby Veterans’ Administration Hospital, Brecksville, Ohio, and she was transferred to the Brecksville Hospital. By order of December 14,1979, 222 Ct.Cl. 516, the court held that while the CSC Board of Appeals and Review had correctly handled plaintiffs other claims, it had neglected to address her claim that she was entitled to discontinued service (involuntary) retirement benefits at the time of her resignation because her job had been abolished. Thus the remaining issue was whether plaintiffs job was abolished, making her eligible for discontinued service retirement. The court remanded the case to the trial judge to hear evidence on the issue of abolishment of her job. On August 6, 1982 Trial Judge Robert J. Yock filed a recommended opinion concluding that plaintiffs position was not abolished in 1973; therefore, plaintiff was not eligible for discontinued service retirement at the time of her resignation and is not entitled to recover. The trial judge found (1) the record devoid of any *1040 credible evidence to indicate that VA management officials had any intention of abolishing plaintiffs position in the consolidation, or took any action to do so; (2) that there was no material change in plaintiffs duties at Brecksville that would justify a determination that her job was abolished; and (3) that the Government is not estopped from denying that plaintiffs position had been abolished even if plaintiffs supervisor had indicated otherwise since the supervisor had no authority to abolish positions at the hospital and, in the face of contradictory information regarding her status, plaintiff failed to seek clarification before applying for discontinued service retirement. On September 30,1982 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.