**Estanislado SALAZAR, Jr., Appellant,**

**v.**

**The UNITED STATES, Appellee.**

**Appeal No. 84–1400.**

United States Court of Appeals,
Federal Circuit.

Oct. 17, 1985.*

Steven M. Angel, Oklahoma City, Okl., argued for appellant.

Stephen R. Bergenholtz, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner.

Major Curt Bentz, Office of the Judge Advocate Gen., Dept. of the Air Force, Washington, D.C., of counsel.

Before BENNETT, SMITH, and BISSELL, Circuit Judges.

---

* This opinion was originally issued on September 10, 1985, as an unpublished opinion which has been withdrawn by the court on its own motion.

EDWARD S. SMITH, Circuit Judge.

In this civil service case, the United States Claims Court granted the Government's motion for summary judgment and dismissed Estanislado Salazar, Jr.'s (Salazar) petition.[1] We affirm in part and remand.

### Issues

We review two issues on appeal from the Claims Court. First, we decide whether the statute and regulations that govern continuation of pay status in case of a work-related injury also control the employee's duty to notify the employing agency of absence due to such an injury. On this issue we affirm. Second, we decide whether the Claims Court properly found no genuine issue of material fact in this case so as to grant summary judgment. On this issue we remand.

### Background

We summarize here the facts material to this appeal.[2] On Thursday, March 24, 1977, Salazar was told that he would be suspended for 15 days beginning on March 28. That same Thursday, Salazar sustained a back injury at work. As a result of the injury, Salazar's supervisor, Antonio Rico (Rico), approved sick leave for Salazar to be taken on March 24 and 25. Rico filed a form signed by Salazar reporting the accident. The form contained a section allowing the injured employee to select his payroll status during recovery. Salazar could have elected either sick leave or continuation of regular pay. That part of the form was left blank.

Martin Rodriguez (Rodriguez), a union steward, testified in the administrative hearing that he spoke to Rico during Salazar's suspension and informed Rico that Salazar, due to the injury, would not report to work on April 12, the day he was to return to work after the suspension. Rico

testified that no such conversation took place, and that Salazar did not notify anyone that he would be absent from work on April 12–15. For this violation of work rules, which was the fourth such infraction, Salazar was removed.

In 1977, Salazar appealed his removal to the Federal Employee Appeals Authority (FEAA), which sustained his removal, and, in 1979, his petition to reopen and reconsider the FEAA decision was denied. The instant suit was filed in January 1982 in the United States Court of Claims under the Tucker Act and docketed in the United States Claims Court as of October 1, 1982, pursuant to the Federal Courts Improvement Act of 1982.[3] We have jurisdiction over the instant appeal under 28 U.S.C. § 1295(a)(3).

### A. Duty to Notify

Salazar contends that statutory provisions concerning Government employees injured at work relieve such employees from giving the Government notice of further absence from work. Salazar's analysis starts with 5 U.S.C. § 8118. The regulations that embody 5 U.S.C. § 8118 state:[4]

§ 10.209 Employee's responsibilities in continuation of pay cases.

(a) When an employee sustains a traumatic, disabling injury in the performance of duty, the employee or someone acting on his or her behalf must give a written report on Form CA–1 to such employee's official superior within two working days following the injury. It must be shown on the form whether the employee wishes to receive sick or annual leave [see § 10.210(a)] or request continuation of regular pay for the period of disability.

Salazar contends (1) that his notifying Rico on March 24 that he had been injured on the job activated 20 C.F.R. § 10.209(a); (2) that the statute automatically placed

1. Salazar v. United States, 5 Cl.Ct. 274 (1984).

2. The facts are set forth in greater detail in the opinion below. Salazar, 5 Cl.Ct. at 275–77.

3. 28 U.S.C. § 1491 (1982); S.REP. NO. 275, 97th Cong., 2d Sess. 1, reprinted in 1982 U.S.CODE CONG. & AD.NEWS 11, 17–18.

4. 20 C.F.R. § 10.209(a) (1977).

Salazar in continuation of pay status; (3) that continuation of pay was justified and equivalent to approved leave; and (4) that, therefore, no request for leave was necessary. Salazar further argues that he could not be removed from continuation of pay status for 45 days and that he was not required to request sick leave.[5]

■■■ Salazar, however, did not elect continuation of pay on March 24 or 25. Had he done so, he still would have been required to file duty status reports in order to satisfy the notice requirements.[6] Salazar was given sick leave for March 24 and 25, and he did not request additional sick leave for April 12–15. We hold that 5 U.S.C. § 8118 does not execute automatically by operation of law. Therefore, we hold that Salazar's failure to elect continuation of pay status on the injury report form is fatal to his contention that no notice or request for sick leave was required. One in Salazar's situation is obligated either to elect continuation of pay when injured and to file duty status reports or to request leave properly if unable to return to work. The provisions of 5 U.S.C. § 8118 do not excuse this obligation. As the Claims Court so aptly wrote:[7]

> [T]hat the Government ultimately found plaintiff's injury to be job-related and granted compensation accordingly, does not imply, much less require, that it also excuse an infraction of leave rules associated with that injury. The Government's managerial need for timely notice of an employee's absence is no less a concern where the absence is caused by an on-the-job injury than where it is not. * * *

On this issue, we affirm the judgment of the Claims Court.

## B. Summary Judgment

In order for a trial judge to grant a motion for summary judgment the judge must find that no material fact is in dispute or must resolve any dispute over the existence of a material fact in favor of the party resisting summary judgment.[8]

■■■ In this case, Salazar produced evidence of a witness, Rodriguez, who would testify that he gave proper notice of Salazar's injury to the Government. The Government, however, produced Rico, who contradicted Rodriguez' testimony. These facts give a clear example of a disputed issue of material fact; one which could be resolved independently by the Claims Court in Salazar's favor. The administrative resolution of this issue is not a sufficient basis for the Claims Court to grant summary judgment. The Claims Court had original jurisdiction of this suit under the Tucker Act.[9] Because we hold that the Claims Court must make original findings of fact in this case, we remand.

## Conclusion

The Claims Court had jurisdiction over this case under the Tucker Act, as amended. Because Salazar was not placed in continuation of pay status automatically, the statute providing for such status did not excuse his alleged failure to request leave in order to recover from his on-the-job injury. Because Salazar shows that he might have properly requested leave, a material fact is in dispute, and the trial court improperly granted summary judgment.

**5.** 20 C.F.R. § 10.209(c) (1977) provides:

"(c) A 'Duty Status Report,' Form CA–17 will be used to obtain interim medical reports concerning the employee's duty status. If during the 45 day period the treating physician indicates the employee is able to return to work and the employee refuses to do so, the continued absence from work may result in an overpayment. * * * "

Under § 10.209(c) the Government could remove Salazar from continuation of pay status only if 45 days elapsed or if his disability ended.

**6.** *Id.*

**7.** *Salazar,* 5 Cl.Ct. at 279.

**8.** *Skaw v. United States,* 740 F.2d 932, 936–37 (Fed.Cir.1984).

**9.** *See Gaskins v. United States,* 221 Ct.Cl. 918 (1979).

AFFIRMED IN PART AND REMANDED