Pedro Herrera **ALVAREZ**

v.

The **UNITED STATES.**

No. 427–85C.

United States Claims Court.

Dec. 17, 1985.

Pedro Herrera Alvarez, Philippines, pro se.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. Murray M. Meeker, Office of Personnel Management, of counsel.

OPINION

LYDON, Judge:

This civilian pay case comes before the court on defendant's motion for summary judgment. Defendant asserts in its motion that this court lacks jurisdiction to consider plaintiff's claim for a deferred annuity. The court finds that defendant's lack of jurisdiction defense is well founded.

Plaintiff, proceeding *pro se*, seeks in its complaint, filed July 26, 1985, entitlement to a deferred annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8336(f) (1982). In order for plaintiff to be entitled to a deferred annuity, he would have to be age 62 or older and he must have performed a minimum of 5 years *creditable* Federal service. As to creditable service see *Cubacub v. Department of the Navy,* 230 Ct.Cl. 908 (1982) (citizen of Republic of the Philippines who worked for Navy for 21 years excluded from Civil Service Retirement System since he lacked *creditable* service time). Plaintiff, it would appear, has reached the age of 62 and claims to have completed at least five (5) years of service with the Federal Government, mostly with the United States Navy as a civilian employee at the United States Navy Yard in Cavite, Philippines. Plaintiff is a resident of the Republic of the Philippines and is a citizen of that country.

Plaintiff filed an application for Civil Service retirement subsequent to July 23, 1979. It seems clear that plaintiff became 62 years of age subsequent to July 23, 1979, if the date of his birth (9/12/19) as

set forth in his "Application For Deferred Retirement" is correct. On May 1, 1984, the Office of Personnel Management (OPM) denied plaintiff's application.

■ Defendant moved to dismiss plaintiff's complaint, by way of a summary judgment motion under Rule 56(b), on September 26, 1985. As of the date of this order, plaintiff has not responded to defendant's motion, and the time allowed under the Rules of this court so to respond has long since passed. *See* RUSCC 83.2(c). The court refrained from acting on defendant's motion sooner in recognition of plaintiff's *pro se* status and his residence in the Philippines. The real substance of plaintiff's complaint is his claim that he is entitled to a deferred annuity since others similarly situated have received deferred annuities. Without more, this does not present a triable issue of fact and is, as a result, immaterial. *See Valenzuela v. Office of Personnel Management,* 231 Ct.Cl. 907, 908–09 (1982); *Cubacub v. Department of the Navy, supra,* 230 Ct.Cl. at 909.

■ It is clear that the claim now before the court is governed by the Civil Service Reform Act of 1978, Pub.L.No. 95–454, 92 Stat. 1111, *et seq.* (CSRA). Plaintiff's entitlement to a deferred annuity did not accrue until after the effective date of the CSRA, which was January 11, 1979. *See Gaskins v. United States,* 221 Ct.Cl. 918, 919 (1979). *See also Guevara v. United States,* 229 Ct.Cl. 595 (1981). Accordingly, any judicial review of administrative determinations relating to retirement entitlement would be in a court other than this court. It is now established that the United States Court of Appeals for the Federal Circuit (Federal Circuit) has exclusive jurisdiction to review a final decision of the Merits Systems Protection Board (MSPB) relative to a retirement benefit claim where the application for said benefit is governed

by the CSRA, which is the situation in the case at bar. *See* 5 U.S.C. § 7703(a) and (b) (1982); *Lindahl v. Office of Personnel Management,* 470 U.S. ——, 105 S.Ct. 1620, 84 S.Ct. 674 (1985); *Rosano v. Department of the Navy,* 699 F.2d 1315, 1318 (Fed.Cir.1983).

■ In this case, the only report of an administrative decision on plaintiff's claim is the final decision on May 1, 1984 of the OPM denying plaintiff's application for a deferred annuity. Defendant advises that plaintiff has requested reconsideration of this OPM determination but no action thereon has been taken by OPM as of this date. Under such circumstances, plaintiff's claim may be deemed to be premature in seeking judicial relief. In order to exhaust his available administrative remedies, plaintiff will have to appeal any final determination by OPM to MSPB. Judicial review of any such MSPB determination would have to be sought in the Federal Circuit, as indicated above. The court is not aware of any MSPB decision on plaintiff's claim. Thus transfer of this case to the Federal Circuit under 28 U.S.C. § 1631 (1982) would be premature and clearly not be in the interest of justice. *See Goewey v. United States,* 222 Ct.Cl. 104, 612 F.2d 539 (1979).

Since the claim set out in plaintiff's complaint accrued and was filed administratively[1] after the effective date of the CSRA, *i.e.,* after January 11, 1979, this court has no jurisdiction over said claim. Even if the court did have jurisdiction over said claim, the salutary requirement of exhaustion of available administrative remedies would justify dismissal of this case without prejudice at this time. Accordingly, defendant's motion for summary judgment is granted, with plaintiff's complaint to be dismissed without prejudice.[2]

1. The Merit Systems Protection Board has determined that the date of the retirement application determines whether a case was pending as of the effective date of the Civil Service Reform Act of 1978, Pub.L.No. 95–454, 92 Stat. 1111 *et seq. See Hein v. OPM,* 1 MSPB 396, 1 M.S.P.R. 410 (1980). *See also Gaskins v. United States,*

221 Ct.Cl. 918, 920 (1979) (recognition of MSPB regulations relative to CSRA coverage).

2. Parenthetically, similar suits by Philippine nationals seeking deferred annuities as a result of civilian employment by the Navy at United States military installations in the Republic of

---

the Philippines have previously been denied consistently by the United States Court of Claims. *See Abadilla v. United States,* 230 Ct.Cl. 838 (1982); *Menchavez v. United States,* 231 Ct.Cl. 924 (1982); *Caiyod v. United States,* 231 Ct. Cl. 1004 (1982); *DeGuzman v. United States,* 231 Ct.Cl. 1005 (1982). The basis for these denials was that claimants' service as employees of the United States was in "excepted" or "indefinite" employment and as such was not deemed *creditable* service for Civil Service retirement purposes.