878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose M. JAVELINA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent,
 No. 88-3472.
 United States Court of Appeals, Federal Circuit.
 May 17, 1989.
 
 Before, NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Jose M. Javelina petitions for review of the final decision of the Merit Systems Protection Board (board), Docket No. SE08318810258, sustaining the Office of Personnel Management's (OPM) denial of his application for a Civil Service annuity. We affirm.
 
 OPINION
 
 2
 Javelina admits that all of his fifteen years of service as an electrician at the Subic Bay Naval Ship Repair Facility were pursuant to temporary excepted appointments limited to one year or less, or indefinite excepted appointments. Such appointments are, by their terms, excepted from the retirement system, and thus precludes the benefits Javelina seeks. See Valenzuela v. Office of Personnel Management, 231 Ct.Cl. 907, 908 (1982), cert. denied, 464 U.S. 856 (1983).
 
 
 3
 We disagree with Javelina's assertion that his case falls within the "or otherwise" language of Executive Order No. 9154, 5 C.F.R. 831.201(a)(1) (1987), reprinted in 5 U.S.C. Sec. 8347(g) (1982). That language does not permit a non-permanent employee in Javelina's position to receive Civil Service Retirement benefits. Congress has provided specific criteria for inclusion in the Civil Service Retirement system. Valenzuela makes clear that individuals in the excepted service are not entitled to a civil service annuity. We must decline Javelina's request that we carve out an exception in this area which Congress has thoroughly considered. Cf. United States v. Fausto, 108 S.Ct. 668, 672-74 (1988).
 
 
 4
 Javelina has not convinced us that the board's decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, that the board's findings are unsupported by substantial evidence, or that the decision was obtained without procedures required by law, rule, or regulation having been followed. 5 U.S.C. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1540 (Fed.Cir.1984). Therefore, that decision must be affirmed.