**Antonio D. GABATINO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3150.**

United States Court of Appeals, Federal Circuit.

Aug. 10, 2001.

Before CLEVENGER, SCHALL, and DYK, Circuit Judges.

## PER CURIAM.

Antonio Gabatino seeks review of the decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM's") denial of Mr. Gabatino's application for retirement benefits under the Civil Service Retirement Act ("CSRA"). Because substantial evidence supports the Board's upholding of OPM's denial of civil service retirement benefits to Mr. Gabatino, we *affirm.*

## BACKGROUND

Mr. Gabatino, a citizen of the Philippines, was employed as a tractor-trailer driver for the Department of Navy ("Navy") at the Subic Bay Naval Base in the Philippines from February 28, 1969 to September 30, 1992. The SF–50 employment form accompanying Mr. Gabatino's initial appointment, dated February 28, 1969, indicated that the appointment was for a "Temporary Position" and was an "Excepted Appointment." The SF–50 indicated "None" in the section regarding federal retirement benefits. On March 28, 1969, Mr. Gabatino was given an extension of his previous appointment. The March 28, 1969, SF–50 regarding the extension indicated "Excepted Appointment" and also indicated "None" in the section regarding federal retirement benefits. Mr. Gabatino's appointments were continuously extended until June 27, 1976, at which time his listed status was changed to "indefinite." The SF–50 regarding his change in status (dated July 9, 1976) indicated "Conversion to Excepted Indefinite" in the "Nature of Action" section. Mr. Gabatino served under this appointment until his retirement on September 30, 1992.

Throughout his employment, the Navy allegedly never considered Mr. Gabatino to be covered by the CSRA, and accordingly, he never contributed to the Civil Service Retirement and Disability Fund. His SF–50s reflected either no retirement plan or "other." The SF–50 for his retirement does not mention retirement coverage under the CSRA but instead states that Mr. Gabatino is "ENTITLED TO RETIREMENT PAY EQUIVALENT TO 100% OF 24 MONTHS BASIC PAY." This retirement plan is an alternative to the Civil Service Retirement plan for persons in Mr. Gabatino's situation.

On January 7, 1999, over six years after his retirement, Mr. Gabatino applied to OPM for civil service retirement benefits. On August 9, 1999, OPM denied the application because it had no record of Mr. Gabatino ever contributing to the Civil Service Retirement Fund.

On August 31, 1999, Mr. Gabatino, through a representative, requested that OPM reconsider its denial of his civil service retirement application. On December 6, 1999, OPM denied Mr. Gabatino's request for reconsideration. OPM found that Mr. Gabatino's initial "appointment was excluded from retirement coverage" and that his conversion to "Excepted Appointment–Indefinite on 6–27–76 is also excluded." OPM noted that the regulations state that "employees serving under nonpermanent, indefinite appointments are also excluded from retirement coverage," citing 5 C.F.R. § 831.201(a)(1)-(2) and (12)-(13). OPM discussed several potential indicators of coverage, including Mr. Gabatino's personnel documents, SF 50s, and other records, and held that "although [Mr. Gabatino's] service may have been creditable it was not subject to the Retirement Act," [1] and accordingly affirmed the August 9, 1999, initial decision denying a retirement annuity.

Mr. Gabatino appealed the reconsideration decision to the Board. In an initial decision dated April 3, 2000, an administrative judge for the Board affirmed the OPM decision. *Gabatino v. Office of Pers. Mgmt.,* No. SE–0831–00–0087–I–1 (M.S.P.B. April 3, 2000) (unpublished decision). The administrative judge found that although Mr. Gabatino had been employed for at least five years of civilian service, as required by 5 U.S.C. § 8333(a), he had not shown that his service ended with at least one year of the last two years in a position covered by the Civil Service Retirement System ("CSRS"), as required by 5 U.S.C. § 8333(b). Indeed, the administrative judge held that Mr. Gabatino "has not shown that any of his service was covered by the CSRS." The administrative judge noted that "[s]ervice under appointments limited to one year or less and service under appointments designated as 'indefinite' are not subject to retirement coverage" and that "[s]ervice under such appointments has been excluded from retirement coverage by OPM pursuant to its statutory authority to exclude employees 'whose employment is temporary or intermittent,'" citing 5 U.S.C. § 8347(g), 5 C.F.R. § 831.201(a)(1) and (a)(13), and *Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995). Additionally, the administrative judge noted that the retirement sections in Mr. Gabatino's SF–50s all contain an entry of either "none" or "other," and that none of the SF–50s contain an entry indicating civil service retirement coverage. Lastly, the administrative judge noted that "there is no evidence that retirement deductions were ever taken from [Mr. Gabatino's] pay during his service," and that "the absence of deductions weighs against a finding of CSRS coverage." The administrative judge therefore held that OPM correctly denied Mr. Gabatino's request for annuity, and affirmed OPM's reconsideration decision.

Mr. Gabatino's subsequent petition for review to the Board was denied on December 6, 2000. A timely petition for review to this court followed.

## DISCUSSION

Decisions of the Board must be sustained unless they are arbitrary, capricious, an abuse of discretion, not in accordance with law, obtained without procedures required by rule, law, or

---

1. For a more detailed explanation of the differences between service that is "creditable" and service that is "covered" by the CSRA, see *Herrera v. United States,* 849 F.2d 1416, 1417 (Fed.Cir.1988). Generally, "although most service as an employee of the federal government is creditable service, service that is creditable service is not necessarily covered service." *Herrera,* 849 F.2d at 1417.

regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

In *Rosete*, we held that OPM could lawfully deny pensions to individuals who had temporary or indefinite appointments. The court noted that, "[w]hile most service is creditable, not all service is covered," citing *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed.Cir.1988). 48 F.3d at 516. We further noted that "[c]overed service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund." *Id.* We noted that 5 U.S.C. § 8347(g) permits OPM to exclude certain categories of employees from coverage under the CSRA. That statute provides, in pertinent part:

> The Office *may exclude* from the operation of this subchapter an employee or group of employees in or under an Executive agency *whose employment is temporary or intermittent.*

5 U.S.C. § 8347(g) (emphases added). This court reviewed the regulations promulgated pursuant to the civil service retirement statute, specifically 5 C.F.R. § 831.201(a)(13), which excludes "[e]mployees serving under nonpermanent appointments, designated as indefinite" from federal retirement coverage, 48 F.3d at 517, and concluded that the regulations' exclusion of excepted-indefinite appointments from coverage under the CSRA was "a reasonable interpretation by the agency charged with administering the CSRA," *id.* at 519. The court accordingly denied civil service retirement benefits to the retiree. *Id.* at 520.

Substantial evidence supports the Board's decision below that Mr. Gabatino held only temporary or indefinite appointments that were not subject to civil service retirement coverage. The evidence of record, including the SF–50s discussed above, indicate that Mr. Gabatino was always employed under either a temporary or an indefinite appointment. His appointments up to June 27, 1976 were listed as temporary or nonpermanent appointments that were continuously extended, as evidenced by the SF–50s in the record. From June 27, 1976, until his retirement on September 30, 1992, his appointments were listed as indefinite on the SF–50s for that time period.

Other evidence also supports the Board's denial of civil service retirement benefits. The SF–50s in the record contain a section for retirement coverage. On each of these forms, the retirement section contains an entry of either "none" or "other." None of the forms, including the one issued upon his retirement, contains an entry indicating federal civil service retirement coverage. The SF–50 reflecting Mr. Gabatino's retirement specifically states: "ENTITLED TO RETIREMENT PAY EQUIVALENT TO 100% OF 24 MONTHS BASIC PAY," and does not mention anything concerning civil service retirement coverage. There is also no evidence that civil service retirement deductions were ever taken from Mr. Gabatino's pay during his employment with the Navy, nor does Mr. Gabatino contend that any deductions were every taken. Failure to withhold retirement deductions is suggestive that an individual did not serve in a covered position. *See Valenzuela v. Office of Pers. Mgmt.*, 231 Ct.Cl. 907, 908 (1982), *cert. denied*, 464 U.S. 856, 104 S.Ct. 176, 78 L.Ed.2d 158 (1983). All of this evidence strongly supports the Board's finding that "none of [Mr. Gabatino's] service was covered by the CSRS."

As the government concedes, some of Mr. Gabatino's SF–50s include a code (code 1) in the "tenure grouping" box indi-

cating that he was a permanent employee. The same was true in *Rosete* and we held that the designation of "permanent" on a SF–50 does not necessarily demonstrate that an employee is covered by the CSRS. In particular, we held that a designation of a tenure grouping of "permanent" on a SF–50 "could be circumstantial evidence that [the retiree] did not hold an indefinite appointment if [the retiree] was at any time subject to the CSRS and [the retiree's] personnel record was incomplete as to evidence." 48 F.3d at 519–520 (internal quotations omitted). The court in *Rosete* examined the additional evidence, including the "other parts of the SF–50 forms which specifically relate to civil service retirement coverage." *Id.* at 520. In *Rosete*, the SF–50s indicated either "none," "not applicable," or "other" entry in the retirement parts. *Id.* The court accordingly sustained the Board's determination that the other evidence of nonpermanent status outweighed the "permanent" designation on the SF–50. *Id.*

The same situation exists here. While here, unlike *Rosete*, the Board did not specifically refer to the use of the permanent category code in the SF–50s,[2] we are obligated to affirm if substantial evidence supports the Board's findings, even if the Board does not discuss all of the relevant evidence. In our appellate review, "[w]e presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise." *Medtronic Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed.Cir. 1986). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *Hathaway v. Merit Sys. Prot. Bd.*, 981 F.2d 1237, 1240 (Fed.Cir.1992). Here, the evidence was sufficient so that "a reasonable mind might accept as adequate to support a conclusion" that Mr. Gabatino was not covered by the Civil Service Retirement Fund during his employment with the Navy.

We find Mr. Gabatino's other contentions to be without merit.

For the foregoing reasons, we affirm the Board's decision.

### COSTS

No costs.

---

2. In its reconsideration decision of December 6, 1999, OPM discussed the tenure block designation of "1" in the SF–50s, and indicated that "[t]enure group block on the personnel documentation used in the Philippines has special purpose." OPM noted that "[t]he ten-ure group block reflects only the retention grouping of Philippine citizen employees for reduction in force purposes and does not reflect the nature of the underlying appointment."