This is not the first time this case has been before this court. Initially, plaintiff had petitioned this court to review and reverse the decision of the Merit Systems Protection Board (MSPB) denying plaintiff retirement benefits under the Civil Service Retirement Law, 5 U.S.C. § 8331. Because plaintiffs appeal involved an adverse agency decision rendered before January 11, 1979, plaintiffs case was transferred to the general jurisdiction of this court pursuant to its jurisdiction under the Tucker Act. Guevara v. United States (Order of July 9, 1981, in App. No. 21-81 (not reported)).
*596 Defendant now moves for summary judgment. Plaintiff has not responded to defendant’s motion but has, instead, filed another motion, captioned "Petitioner’s Motion for the United States Court of Claims to Let or Invite the Philippine Government’s Ministry of Justice To Intervene or Take Over.” We grant defendant’s motion and deny plaintiffs motion.
On April 2,1945, plaintiff, a citizen of the Republic of the Philippines, accepted an appointment (type unknown) as a clerk at the U.S. Naval Supply Depot, Subic Bay, Philippine Islands. On October 28, 1949, plaintiff was separated in a reduction-in-force. On October 31, 1949, plaintiff was rehired by the Navy as a clerk-typist. This latter appointment was an excepted, temporary, intermittent appointment. On December 27, 1949, plaintiff was terminated from this position.
On January 31, 1952, plaintiff was given an excepted, indefinite appointment as a crater and packer with the Department of the Navy at Subic Bay Naval Base. On February 22, 1974, plaintiff was retired for a physical disability. According to his Notification of Personnel Action (SF-50), plaintiff was entitled to receive 27 months retirement pay for 26 years, 9 months, and 18 days of service. In this notice retirement pay was purported to be computed in accordance with the terms of the Collective Bargaining Agreement between the Federation of Filipino Civilian Employees Associations and the United States Armed Forces Bases in the Philippines, dated September 27, 1972, (called "CBA” in the SF-50).
On or about September 22, 1977, plaintiff submitted a retirement application with the U. S. Civil Service Commission’s Bureau of Retirement, Insurance, and Occupations Health (BRIOH). Plaintiff also applied to make a deposit in the annuity fund under the Civil Service Retirement System. This reflects that plaintiff was aware his contributions to the retirement fund had not been withheld as is normal with covered employees. It is not conclusive since in some instances the omission to withhold results from administrative error. Presumably, if plaintiff is otherwise entitled, the unpaid deposits can be offset against his recovery.
*597 On December 20, 1977, June 12, 1978, and, again, on November 6, 1978, BRIOH denied plaintiffs retirement claim on the grounds that (1) plaintiff did not have the minimum 5 years of creditable service as of December 27, 1949, and (2) plaintiffs subsequent federal employment was specifically excluded from the Civil Service Retirement System by Executive Order 10,180, 3 C.F.R. 363 (1950), and, later, by regulation, 5 C.F.R. § 831.201(a)(13) and (14).
Pursuant to the Civil Service Reform Act of 1978, 5 U.S.C. §§ 552, et seq., plaintiffs appeal from the decision of BRIOH was transferred to the MSPB. On June 22,1980, the MSPB issued its decision. In affirming the decision of BRIOH, the MSPB made the following determination:
An employee must complete 5 years of civilian service and must complete at least 1 year of the service in which he was subject to the retirement law within the last 2 years before any separation from service. (5 U.S.C. §8333). Appellant’s employment record shows that he was appointed on April 2, 1945 and served until December 27, 1949 (type of appointment not indicated). Appellant’s next appointment began January 31, 1952 from which he retired on February 22, 1974. This was an Excepted Appointment (Indefinite).
Under a May 12, 1967 policy established by the Office of Personnel Management, Appellant could be given credit for retirement coverage for the period covering April 2, 1945 through December 27, 1949. Appellant was employed without a break in service and for more than 1 year, and there is no indication that he was excluded from retirement coverage. Under these conditions retirement coverage could be presumed. However, since this period of service was less than 5 years, title to annuity did not attach based on the December 27, 1949 separation. Appellant’s second period of employment was under an "Excepted Appointment (Indefinite).” This employment was excluded from retirement coverage by Executive Order 10180 of November 13, 1950 and later by regulation (5 C.F.R. 831.201(a)(13) and (14)). Therefore, since appellant was not employed in a covered position for 1 year out of the 2 years preceding the separation, title to an annuity did not attach.
Since appellant did not qualify for an annuity under either appointment, he is not entitled to benefits under the Civil Service Retirement Law.
*598 On February 7, 1980, plaintiff requested reopening and reconsideration of the MSPB decision. Plaintiffs request was granted and on August 28, 1980, the MSPB reaffirmed its prior decision.
In support of its motion for summary judgment, defendant both reiterates the reasoning of the MSPB and presents new arguments to support its motion. Specifically, defendant quotes the Civil Service Retirement Act, 5 U.S.C. § 8331, as expressly excluding from its coverage employees who are subject to another retirement system for government employees. Noting that plaintiff was covered under another retirement system, i.e., the Collective Bargaining Agreement, defendant maintains that plaintiff is excluded from the Civil Service Retirement System. We need not pass on this. The point was not made by the experts in BRIOH and MSPB.
We also hasten to add that we agree with the legal conclusions reached by the MSPB. Plaintiff did not have the required minimum 5 years of civilian service under an appointment that included civil service retirement coverage. 5 U.S.C. §8333. It is assumed by both parties that plaintiffs service in this position lasted, at the maximum, 4 years and 9 months, up to his December 27, 1949, separation.
Moreover, plaintiffs subsequent appointment was an excepted appointment, excluded from retirement coverage by Executive Order 10,180, 3 C.F.R. 363 (1950), and , later, by regulation, 5 C.F.R. § 831.201(a)(13) and (14). Therefore, because plaintiff was not employed in a covered position for 1 year out of 2 years preceding the separation, 5 U.S.C. § 8333, plaintiff is not entitled to receive benefits under the Civil Service Retirement Law.
For convenience, plaintiffs motion to allow the Philippine Government’s Ministry of Justice to intervene or "take over” will be addressed in this order rather than by separate order. It is not appropriate for this court to order or permit a foreign government to represent a plaintiffs claim in such a case as this. This is not a dispute between the Philippine and United States Governments. It is, instead, a dispute between plaintiff and the United States. *599 This case is not unique: many of our plaintiffs are foreign nationals.
If plaintiff desired to enlist the support of his government and its attorneys, the onus was on him to obtain the assistance of the Ministry of Justice. If plaintiff had managed to persuade the Philippine authorities to aid him, there were a variety of ways they could have done so. The Ministry of Justice need not have intervened or been substituted for plaintiff. Instead, the Ministry of Justice could have filed an amicus brief with the court. Alternatively, if the Ministry of Justice had agreed to represent plaintiffs claim in this court, it would be necessary for their attorneys to seek admission to the bar of this court or else, to employ members of this court’s bar to represent plaintiffs claim. Having failed to avail himself of any of these remedies, plaintiff cannot request this court to order the Ministry of Justice to assist him.
In view of the limited scope of our review, plaintiff should have sought representation, if he felt he needed any, in the MSPB proceedings. There a qualified representative could have developed the record evidence, if it exists, to show entitlement to the relief he seeks. In our review, we take the record as it is, no error or omission in it being pointed out. Thus, on the hypothesis (which we have no reason to believe is factual) that evidence to support the claim somewhere, somehow, exists, plaintiffs own neglect in not seeking assistance sooner is the cause of failure of his claim. It does appear he was or is not wholly without assistance, however. His submission to the MSPB of November 10, 1979, while stating that he is "an illiterate,” is phrased in lawyerlike fashion and appears to present his case as favorably as an attorney could do. We have considered it as his brief herein. Apparently the issues are wholly issues of law.
There is some aura or innuendo in plaintiffs submissions that the case is a test case or perhaps even is meant as a class action. But we must take it as it is, and the result turns on the dates of this plaintiffs employment which may or may not be the same as the dates of others.
Accordingly, it is therefore ordered that, on consideration of the record and the parties’ submissions and without *600 oral arguments, plaintiffs motion to permit the Philippine Government’s Ministry of Justice to invervene is denied, defendant’s motion for summary judgment is granted, and plaintiffs petition is dismissed. Plaintiffs motion for reconsideration was denied June 11,1982.