per curiam:
Petitioner, a citizen of the Republic of the Philippines, proceeds pro se in his challenge to a decision (Docket No. SF08318110129, May 13, 1981) of the Merit Systems Protection Board ( mspb) denying his claim for recovery of Civil Service Retirement benefits. The claim was denied by the mspb because petitioner did not have a minimum of five (5) years of classified, competitive service required by statute for coverage by the Civil Service Retirement system. 5 U.S.C. 8333(a). Petitioner claims that he did have such service but his claim is not supported by his record of employment. His appointments were excluded from coverage because they were all excepted or part-time appointments. Further, 5 U.S.C. 8331(l)(ii) provides that the Retirement Act does not include an employee subject to *1006 another retirement system for Government workers. Petitioner was covered by the Collective Bargaining Agreement between the Federation of Filipino Employees Association and the United States Armed Forces Bases in the Philippines.
Respondent advances other arguments to support its objections to this claim but it is not necessary to reach them. Our holding in this case is mandated by our recent decisions in other cases (involving Filipino employees) almost identical on the facts and the law. Menchavez v. Office of Personnel Management, ante at 924; Valenzuela v. Office of Personnel Management, ante at 907; Castro v. Office of Personnel Management, ante at 867; Cubacub v. Department of the Navy, 230 Ct.Cl. 908 (1982); Guevara v. United States, 229 Ct.Cl. 595 (1981). See, also, Caiyod v. Department of the Navy, ante at 1004.
Without oral argument, the final opinion and order of the Merit Systems Protection Board, dated May 31, 1981, is
AFFIRMED.