965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roberto B. BERROMILLA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3068.
 United States Court of Appeals, Federal Circuit.
 April 10, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Roberto B. Berromilla petitions for review of the April 19, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319110145, which became final when the Merit Systems Protection Board (Board) denied review on September 18, 1991, sustaining the determination of the Office of Personnel Management (OPM) that petitioner is not entitled to a retirement annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 In order to be entitled to a civil service retirement annuity under the CSRA, a former government employee must have completed five years of creditable civilian service ending with at least one of the last two years in a position covered by the CSRA. 5 U.S.C. §§ 8331(12), 8332, 8333(a) and (b), and 8338 (1988). An applicant for retirement annuity benefits bears the burden of proving by a preponderance of the evidence that he is entitled to the annuity benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 3
 Mr. Berromilla was employed with the Department of the Navy in Subic Bay, Philippines: (1) between May 19, 1947, and June 30, 1947; (2) for less than one week in July of 1948; (3) from January 17, 1952, to April 29, 1953; and (4) from August 11, 1954, until his retirement on January 6, 1984. The AJ found that, although Mr. Berromilla established almost 31 years of civilian service, he failed to establish that at least one of the last two years was served in a position covered by the CSRA.
 
 
 4
 It is undisputed that petitioner was not entitled to an annuity as of his third separation from service on April 29, 1953, following a reduction-in-force. We turn then to a consideration of the nature of petitioner's employment during the two years before his retirement.[1] On appeal, Mr. Berromilla argues that he became subject to the CSRA on October 1, 1956, pursuant to Section 2 of the CSRA Amendments of 1956. Pub.L. No. 84-854, 70 Stat. 736, 745 (codified as amended in various sections of 5 U.S.C.). But Section 2(b) of the CSRA Amendments provides, in pertinent part, "This Act shall not apply ... to any employee of the Government subject to another retirement system for Government employees." Id. (codified as amended at 5 U.S.C. § 8331(1)(ii) (1988)).
 
 
 5
 According to the record, Mr. Berromilla is entitled to 31 months of retirement pay under the Collective Bargaining Agreement (CBA) of July 21, 1982. Respondent's Appendix at 17. Such an agreement qualifies as "another retirement system." See DeGuzman v. Department of the Navy, 231 Ct.Cl. 1005, 1005-06 (1982) (holding CBA between Federation of Filipino Employees Association and United States Armed Forces Bases in the Philippines is another retirement system for government employees). Thus, Mr. Berromilla was excluded from the CSRA at least as of July 21, 1982, the date of the CBA. Assuming petitioner was otherwise subject to the CSRA, he had only six and one-half months of covered service in the two years preceding his retirement on January 6, 1984. Moreover, it is undisputed that no civil service retirement deductions were ever withheld from Mr. Berromilla's salary. Since petitioner has not established at least one year of covered service during the final two years of his government service, he is not entitled to an annuity under the CSRA.
 
 
 6
 Petitioner further alleges harmful procedural errors on the part of the Board and OPM. But he fails to point out specifically what errors in procedure have been committed, and we have discerned none in our review of the record, at either the OPM or Board level. Thus, we affirm the decision of the Board.
 
 
 
 [1]
 The record shows that petitioner was continuously employed from August 11, 1954, until January 6, 1984. Respondent's Appendix at 14-15. Thus, for petitioner to be eligible for an annuity, he must have been subject to the CSRA for at least one year during the two years preceding his retirement