61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arcadio M. MALONZO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3408.
 United States Court of Appeals, Federal Circuit.
 July 13, 1995.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Arcadio M. Malonzo (Malonzo) petitions for review of the initial decision of the Merit Systems Protection Board (board), dated 29 December 1993 in Docket No. SE-0831-93-0438-I-1, rendered after the board held an administrative hearing in Manila on 5 November 1993 at Malonzo's request. In the initial decision, the administrative judge affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying Malonzo's application for retirement benefits under the Civil Service Retirement Act (CSRA). The 29 December decision became the final decision of the board on 12 May 1994 when the board declined Malonzo's request to review it. We affirm.
 
 DISCUSSION
 
 2
 * Background
 
 
 3
 Malonzo was a civilian employee of the federal government at Clark Air Force Base in the Philippines for over thirty-three years. In March 1993, Malonzo applied for a retirement annuity under the CSRA based on his service, which is summarized below into six periods:
 
 
 4
 (1) 18 March 1945 to 30 November 1945--Laborer and Carpenter, Department of the Air Force;
 
 
 5
 (2) 15 December 1945 to 4 February 1947--Junior Carpenter, Department of the Air Force;
 
 
 6
 (3) 5 February 1947 to 25 June 1949--Mess Attendant, Department of the Army;
 
 
 7
 (4) 26 June 1949 to 4 November 1949--Mess Attendant, Department of the Air Force;
 
 
 8
 (5) 1 February 1951 to 7 July 1954--nonappropriated fund service, Food Service Squadron, Department of the Air Force; and
 
 
 9
 (6) 9 July 1954 to 30 April 1979--excepted (indefinite) appointment, Cook, Department of the Air Force.
 
 
 10
 Malonzo filed the instant appeal on 6 June 1994.
 
 II
 Standard of Review
 
 11
 Title 5, section 7703, of the United States Code strictly limits and defines our review of board decisions. We must affirm the board's decision unless it is:
 
 
 12
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 13
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 14
 (3) unsupported by substantial evidence.
 
 
 15
 5 U.S.C. Sec. 7703(c) (1994). Further, Malonzo has the burden of proving entitlement to retirement benefits. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed. Cir. 1991) (citing Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed. Cir. 1986), cert. denied, 479 U.S. 1037 (1987)).
 
 III
 Periods (1) Through (4)
 
 16
 Malonzo's annuity entitlement status during periods (1), (2), and (4) above (approximately 26 months) is uncertain on the record before us. During period (3), Malonzo was not serving under an appointment subject to the CSRA. To simplify our analysis, we assume that Malonzo served continuously during periods (1) through (4) (i.e., from 18 March 1945 until 4 November 1949). Under this assumption, his total service during these periods would be just under four years and eight months. During these periods, Malonzo's service was governed by the Act of 24 January 1942, which provided that separation after any period of covered service entitled an employee to an annuity if the employee had a total of five years of creditable service before being separated. See, e.g., Portacio v. Office of Personnel Management, 52 M.S.P.R. 396, 399 (1992) (citing Balanay v. Office of Personnel Management, 47 M.S.P.R. 219, 221-22 (1991) (citing Act of January 24, 1942, ch. 16, Sec. 5, 56 Stat. 13, 16, as amended by Act of February 28, 1948, ch. 84, Sec. 5, 62 Stat. 41, 48)). Thus, even under our above assumption, and further assuming Malonzo has established that he was in a position covered by the CSRA at the time of separation (4 November 1949), he nevertheless fails to meet the five-year requirement. He cannot, therefore, qualify for an annuity based upon his 1945-1949 government service.
 
 IV
 Periods (5) and (6)
 
 17
 We next consider whether Malonzo may qualify for an annuity based upon the last two periods of his government service alone. These periods span from 1 February 1951 to 30 April 1979 (over twenty-eight years). Separation after 31 August 1954 is governed by the Act of 31 August 1954. Under that Act, the applicant must have served, during the final two years prior to separation, for a minimum of one year in a position that was covered by the CSRA. 5 U.S.C. Sec. 8333(b); see also Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed. Cir. 1995).
 
 
 18
 Neither period (5) nor (6) of Malonzo's service was covered by the CSRA. During period (5), Malonzo held a nonappropriated fund position with the Food Service Squadron, Department of the Air Force. This period was neither creditable nor covered under the CSRA. See 5 U.S.C. Secs. 2105(c), 8332(b)(16). During period (6), Malonzo worked in an excepted, indefinite appointment, which is creditable but not covered service. See Exec. Order No. 10,180, 3 C.F.R. 363 (1950); see also Guevara v. United States, 229 Ct. Cl. 595, 597 (1981). Malonzo, therefore, cannot qualify for an annuity based on his last two periods of government service alone.
 
 V
 Periods (1) Through (6)
 
 19
 We next consider Malonzo's continuity-of-service argument, wherein he asserts that he qualifies for an annuity based upon all six periods taken together. See 5 C.F.R. Sec. 831.201(b)(1). The board correctly concluded that Malonzo's service after 1949 was not covered based upon continuity of service because there was a gap of more than one year between the termination of his employment after period (4) in November 1949, and the start of his period (5) service in February 1951.
 
 VI
 The Collective Bargaining Agreement
 
 20
 We note that when Malonzo retired on 30 April 1979, he received "retirement-severance pay" for thirty-three years of creditable service, in accordance with the retirement provisions of the Collective Bargaining Agreement (CBA) between the Federation of Filipino Civilian Employees Associations and the United States Armed Forces based in the Philippines. The CBA and the CSRA retirement plans are mutually exclusive--coverage under the CBA precludes coverage under the CSRA. See 5 U.S.C. Sec. 8331(1)(ii); see also DeGuzman v. Department of the Navy, 231 Ct. Cl. 1005, 1005 (1982); Reyes v. Office of Personnel Management, 60 M.S.P.R. 172, 174-75 (1993), aff'd, 29 F.3d 645 (Fed. Cir. 1994) (Table); Freduluces v. Office of Personnel Management, 57 M.S.P.R. 598, 602, aff'd, 16 F.3d 421 (Fed. Cir. 1993) (Table), cert. denied, 115 S. Ct. 440 (1994).
 
 CONCLUSION
 
 21
 We have carefully considered each of Malonzo's arguments, including arguments not specifically addressed above (e.g., his argument that all employees with more than twelve months of continuous federal service are covered by the CSRA). Finding no reversible error in the board's holding that Malonzo does not qualify for an annuity, we affirm.