NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3241

RAMON FONTELERA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 9,  2004

_____

Before, LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST,
Circuit Judge.

PER CURIAM.

Ramon Fontelera ("Fontelera") appeals the Merit Systems Protection
Board's ("Board") decision affirming the Office of Personnel Management's
("OPM") determination that he was not entitled to a Civil Service Retirement
System ("CSRS") annuity.  Fontelera v. Office of Pers. Mgmt., No. SE-831M-03-
0042-I-1 (M.S.P.B. Feb. 18, 2003).  We affirm.

On November 27, 1954, Fontelera received an excepted, indefinite civilian
appointment with the 30th Naval Construction Regiment at Subic Bay in the
Philippines and served under that indefinite appointment until his resignation,
effective December 16, 1955.  Fontelera received another excepted, indefinite

appointment, effective April 30, 1958, with the United States Naval Public Works Center at Subic Bay. He served under this indefinite appointment until he retired on September 30, 1988.

Fontelera applied for a civil service deferred retirement annuity on September 29, 1995. In an initial decision, dated June 11, 1996, OPM determined that Fontelera was not eligible for CSRS annuity benefits. However, an OPM letter dated the following day, signed by the same person, advised Fontelera that action on his retirement claim had been completed; he would receive an annuity adjustment payment for accrued annuity due retroactive to the beginning date of his annuity; and he would receive a monthly annuity payment. On April 1, 1998, OPM advised Fontelera that he had met the requirement for entitlement for the minimum annuity. Three years later, however, OPM advised Fontelera that it had disallowed his application for a deferred annuity. Fontelera was subsequently notified that he had been overpaid in the amount of $46,998.50. Fontelera then sought reconsideration on the basis that he was entitled to CSRS deferred annuity benefits. Fontelera specifically argued that there was no overpayment because he was entitled to receive CSRS annuity benefits.[1]

OPM issued a final decision finding that Fontelera was not entitled to CSRS annuity benefits and that he had been overpaid in the amount of

---

[1] Fontelera did not indicate that he sought a waiver or compromise of the overpayment when he sought reconsideration of OPM's decision. As such, the Board could not consider the issue of waiver on appeal. Under 5 U.S.C. § 8346(b) recovery of an annuity overpayment must be waived when the annuitant is without fault and recovery would be against equity and good conscience. See 5 C.F.R. §831.1401 (2002).

$46,998.50. Fontelera appealed that decision to the Board. In an initial decision, the Administrative Judge ("AJ") affirmed OPM's determination. Based on the record, the AJ concluded that Fontelera was not entitled to a CSRS deferred annuity, because none of his service was covered service. The full Board denied Fontelera's petition for review, and the Initial Decision became final. We have jurisdiction pursuant to 5 U.S.C. § 7703.

We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Eligibility for CSRS coverage requires that an employee complete at least five years of creditable service and that at least one of the two years of service prior to separation be "subject to" the Civil Service Retirement Act ("CSRA"), i.e., covered service. Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995).

In view of the fact that both of Fontelera's appointments were indefinite appointments, which are specifically excluded from retirement coverage, 5 C.F.R. § 831.201(a)(13), the AJ first noted that although Fontelera's service was all creditable service, none of it was covered service. The AJ found further support for this finding in Fontelera's Notice of Personnel Action Forms ("SF-50"), noting that all of Fontelera's SF-50s stated that his retirement coverage was "none" or "other" and none of the SF-50s for any period of Fontelera's employment indicated that he was covered under the CSRS. The AJ additionally

found that none of the documentation in the record reflected that any retirement contributions were ever withheld from Fontelera's pay. Finally, the AJ found that Fontelera was entitled to retirement pay in accordance with the Filipino Employment Personnel Instructions ("FEPI"), which was consistent with the notations on his SF-50s indicating coverage in a retirement plan "other" than the CSRS.[2] As such, substantial evidence supports the AJ's determination that Fontelera was not entitled to a CSRS annuity.

We are not persuaded by Fontelera's arguments that the AJ relied on an unofficial transcript summarizing his service rather than upon an official summary of his service, because the AJ's decision does not rely upon a summary of Fontelera's service; rather, the decision references only the SF-50s. We also find Fontelera's remaining arguments unpersuasive.

Accordingly, we affirm the Board's decision.

---

[2] The CSRA provides that employees subject to another retirement system for government employees are excluded from CSRS coverage. 5 U.S.C. § 8331(1); see DeGuzman v. Dep't of Navy, 213 Ct. Cl. 1005 (1982) (holding that a collective bargaining agreement between the Federation of Filipino Employees Association and United States Armed Forces Bases in the Philippines is another retirement system for Government employees under 5 U.S.C. § 8331(1)).