NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3354

LIDUVINA GAJETE,
(substituted for Alfredo L. Gajete),

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

------------------------------

DECIDED:  May 16, 2006

------------------------------

Before MICHEL, <u>Chief Judge</u>, <u>SCHALL</u>, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Liduvina Gajete petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying her deceased husband's application for a deferred annuity under the Civil Service Retirement Act ("CSRA"), <u>Gajete v. Office of</u>

Pers. Mgmt., No. SF0831040598-I-1, slip op. (M.S.P.B. July, 22, 2005) ("Final Decision"). We affirm.

## DISCUSSION

### I

Mr. Gajete was a Filipino national who was employed in civilian service by the Department of the Navy in the Philippines from August 14, 1967, until January 8, 1988. Mr. Gajete was appointed indefinitely to the excepted service and continued to serve under that indefinite appointment during the entire period of his employment with the Navy.

On June 23, 2002, Mr. Gajete submitted to OPM an application for a deferred retirement annuity. Upon concluding that the positions in which Mr. Gajete had been employed were not covered by the CSRA, OPM denied the application. Mr. Gajete sought reconsideration of that decision, and on February 18, 2004, OPM issued a reconsideration decision, again denying Mr. Gajete's application. Mr. Gajete appealed the reconsideration decision to the Board. Mr. Gajete died on June 27, 2004. On October 14, 2004, the administrative judge ("AJ") to whom the case was assigned ordered Mrs. Gajete substituted for Mr. Gajete. In an initial decision dated October 19, 2004, the AJ affirmed OPM's ruling. Gajete v. Office of Pers. Mgmt., No. SF0831040598-I-1, slip op. (M.S.P.B. Oct., 19, 2004) ("Initial Decision"). The Initial Decision became the final decision of the Board when the Board denied Mrs. Gajete's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed.

05-3354                                    2

II

We have jurisdiction over appeals from the Board under 28 U.S.C. § 1295(a)(9). The decision of the Board will be affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

To receive an annuity under the CSRA, an individual must meet the requirements of the law in effect at the time the individual was separated. Esteban v. Office of Pers. Mgmt., 978 F.2d 700, 701 (Fed. Cir. 1992). Because Mr. Gajete was separated in 1988, his claim is governed by the Retirement Act of August 31, 1954. See 5 U.S.C. § 8333. Section 8333(a) provides: "An employee must complete at least 5 years of civilian service before he is eligible for an annuity under this subchapter." At the same time, section 8333(b) requires in relevant part that "[a]n employee or Member must complete, within the last 2 years before any separation from service . . . at least 1 year of creditable civilian service during which he is subject to this subchapter before he or his survivors are eligible for annuity . . . ." There is no dispute that Mr. Gajete served well in excess of five years. His entitlement to an annuity turns upon whether the covered service requirement of section 8333(b) was satisfied.

The Board found that Mr. Gajete received an indefinite appointment in the excepted service and that the Standard Form 50 "Notification of Personnel Action" ("SF-50") documenting Mr. Gajete's appointment stated that his retirement plan was "4" or "none." Initial Decision, slip op. at 2. In fact, all of Mr. Gajete's SF-50 forms indicate that his retirement status was "none" or "other," and no SF-50 indicates that he was

covered by the CSRA. Id., slip op. at 3. The Board also found that despite numerous intervening personnel actions including reassignments, promotions, and within-grade salary increases, Mr. Gajete continued to serve under his original indefinite appointment until his resignation. Id., slip op. at 2. The Board further found that, upon his retirement, Mr. Gajete received a lump-sum benefit under the U.S. Forces Early Retirement Plan in accordance with the Filipino Employment Personnel Instructions ("FIPI"). Id., slip op. at 2, 4. Notably, the Board found that no documentation in the record indicates that any retirement contributions were ever withheld from Mr. Gajete's pay. Id., slip op. at 4. Furthermore, while the Board found that Mr. Gajete at some point became classified in "tenure group 1," which indicated that he was a "permanent" employee, because Mr. Gajete's records appeared complete, the Board determined that the tenure group designation was insufficient to overcome the other evidence of record. Id., slip op. at 5. Lastly, the Board found that Mr. Gajete failed to submit sufficient evidence to demonstrate that he acquired "competitive" status as the result of being promoted. Id.

We see no error in the Board's decision that Mr. Gajete was not subject to the CSRA. Mr. Gajete served under an indefinite appointment in the excepted service for the duration of his career, and 5 C.F.R. § 831.201(a)(13) provides that indefinite appointments are specifically excluded from CSRA coverage. See Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 520 (Fed. Cir. 1995) (upholding the exclusion in 5 C.F.R. § 831.201(a) of employees holding indefinite appointments from receiving CSRA retirement benefits). Significantly, all SF-50s ever issued concerning Mr. Gajete reflect that his retirement status was "none" or "other," namely other than the CSRA. Moreover, the relevant documents indicate that no retirement contributions were ever

withheld from Mr. Gajete's pay. See id. at 516 ("Covered service only includes an appointment . . . for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund."). It is also significant that Mr. Gajete received a lump-sum retirement benefit under the U.S. Forces Early Retirement Plan in accordance with the FIPI, which is a retirement system other than the CSRA. Initial Decision, slip. op. at 4. Employees subject to another retirement system for government employees are excluded from coverage under the CSRA. 5 U.S.C. § 8331(1)(ii); see De Guzman v. Dep't of Navy, 231 Ct. Cl. 1005 (1982) ("5 U.S.C. § 8331(1)(ii) provides that the Retirement Act does not include an employee subject to another retirement system for Government workers.").

The Board also correctly determined that the fact that Mr. Gajete's records indicate that he was in "tenure group 1" does not affect the determination of whether he was a permanent employee. Initial Decision, slip op. at 4-5. The Board reasoned that the tenure group status is used primarily to determine an employee's rights in a reduction in force, but is not determinative of either appointment or retirement rights. Id., slip op. at 4. The Board noted DeJesus v. Office of Personnel Management, 63 M.S.P.R. 586, 593 (1994), aff'd, 62 F.3d 1431 (Fed. Cir. 1995) (Table) and Fredeluces v. Office of Personnel Management, 57 M.S.P.R. 598, 602 n.4 (1993), aff'd, 16 F.3d 421 (Fed. Cir. 1993), as standing for the proposition that tenure groups may be considered in determining the nature of the underlying appointment "if the personnel records are incomplete and the employee was at any time subject to the CSRA." Initial Decision, slip op. at 4-5. Because the Board found that Mr. Gajete's personnel records appear complete and because it was not shown that he was ever covered under the CSRA, the

Board found that the tenure group designation was insufficient to overcome the other evidence in the record. Id., slip op. at 5. We see no error in this finding. Also, because Mr. Gajete failed to sufficiently demonstrate that he acquired "competitive" status as the result of being promoted, the Board correctly determined that his promotions did not create retirement coverage under the CSRA. Id. Lastly, Executive Order 10577 is inapposite. As we held in Casilang v. Office of Pers. Mgmt., 248 F.3d 1381, 1383 (Fed. Cir. 2001), "Executive Order No. 10,577 did not convert all indefinite appointments made under Executive Order No. 10,180 into appointments covered by the CSRA . . . ." We have considered the remainder of the arguments advanced by Mrs. Gajete and have found them to be without merit.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.