NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3084

FELOMINO P. REMORIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  June 7, 2006

_____

Before GAJARSA, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Felomino P. Remorin seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining the reconsideration decision of the Office of Personnel Management ("OPM") denying Mr. Remorin the deferred annuity under the Civil Service Retirement System ("CSRS") for which he had applied.  <u>Remorin v. Office of Pers. Mgmt.</u>, No. SF0831050269-I-1 (Oct. 11, 2005).  We <u>affirm</u>.

I

Mr. Remorin is a Filipino national who was employed by the United States Navy in the Philippines for a short time in 1957 and then from 1963 until August 7, 1992, when he retired.  On October 14, 2002, Mr. Remorin applied for a deferred retirement,

seeking a reduced annuity with a survivor annuity for his spouse. OPM initially denied his application, stating that he had never served in a position subject to the Civil Service Retirement Act. OPM also denied Mr. Remorin's request for reconsideration, explaining in more detail that Mr. Remorin was not entitled to the requested annuity because all of his service was rendered under temporary or indefinite appointments, which do not qualify the employee for retirement benefits under CSRS. In addition, OPM explained that since Mr. Remorin retired pursuant to a Collective Bargaining Agreement ("CBA") between the Federation of Civilian Employees Association and the United States Armed Forces, he was precluded by law from coverage under CSRS.

Mr. Remorin appealed the adverse decision of OPM to the Board. He did not request a hearing, and the Administrative Judge ("AJ") assigned to his case affirmed OPM's denial of the requested annuity. The AJ explained that since Mr. Remorin never served in a position covered by CSRS, he could not qualify for the requested annuity. Additionally, the AJ explained that all of the official forms memorializing Mr. Remorin's appointments to service indicated with regard to retirement "no," "none" or "other." Further, the record revealed that Mr. Remorin had made no contributions from pay towards the annuity he sought. Finally, the AJ noted that Mr. Remorin had retired pursuant to the CBA, and as such was not covered by CSRS.

Mr. Remorin unsuccessfully sought review of the AJ's initial decision by the full Board. He then timely sought review in this court.

II

We must affirm the Board's final decision unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

In his brief to this court, Mr. Remorin does not challenge the accuracy of the AJ's assessment of his employment history. He challenges the legal effect of the various SF-50 employment records, on the ground that the Navy does not have authority to determine whether a particular position qualifies for CSRS coverage. He asserts that only the Civil Service Commission (which has been replaced by OPM) can make decisions concerning retirement benefits. Mr. Remorin is mistaken. OPM reviewed and relied on the forms issued by the Navy and found no fault in the information contained in the forms. Likewise, the Board reviewed and relied on Mr. Remorin's employment record. He has shown no error in the record relied on by the Board.

Nor has Mr. Remorin addressed the fact that he retired pursuant to an alternative federal retirement plan, the CBA. The terms of 5 U.S.C. § 8331(1)(ii), which define the employees who qualify for CSRS benefits, expressly exclude a person who retires pursuant to an alternative federal retirement plan. Our predecessor court, the Court of Claims, has so held. See De Guzman v. Dep't of the Navy, 231 Ct. Cl. 1005 (1982).

Because the facts as found by the AJ are supported by substantial evidence, and because the law applied to those facts is correct, we must affirm the Board's decision sustaining OPM's denial of the annuity that Mr. Remorin requested.