NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3193

AMADO D. CRUZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 8, 2006
_____

Before MAYER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Amado D. Cruz appeals the final decision of the Merit Systems Protection Board, <u>Cruz v. Office of Pers. Mgmt.</u>, SF0831050649-I-1 (MSPB Jan. 20, 2006), which denied his petition for review and rendered final the initial decision that affirmed the Office of Personnel Management's denial of his application for an annuity under the Civil Service Retirement System ("CSRS").  <u>Cruz v. Office of Pers. Mgmt.</u>, SF0831050649-I-1 (MSPB Sept. 20, 2005).  We <u>affirm</u>.

Entitlement to Civil Service Retirement System ("CSRS") annuity benefits requires, inter alia, completion of at least one year of creditable civilian service subject to the Civil Service Retirement Act ("CSRA") within the two-year period before separation from service. 5 U.S.C. § 8333(b); Casilang v. Office of Pers. Mgmt., 248 F.3d 1381, 1382 (Fed. Cir. 2001). Not all service is covered by the CSRA, and, as relevant here, indefinite employees are excluded from such coverage. 5 C.F.R. 831.201(a)(13) (excluding from CSRA coverage "employees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180"); see also Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 520 (Fed. Cir. 1995).

The board concluded that all of dela Cruz's service was rendered under an excepted indefinite appointment, and that he was therefore ineligible for a CSRS annuity. We must affirm its decision unless it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The board observed that his Standard Form 50s ("SF-50s") indicate his retirement status as "not applicable," "other," or "none." In addition, it determined that the SF-50 documenting his resignation shows he was "entitled to lump sum benefits equivalent to 75% of 24 months basic pay," and that there is no indication that this benefit was under the CSRA. Receiving retirement pay under a non-CSRA plan indicates that an employee is not covered by CSRA. 5 U.S.C. § 8331(1)(L)(ii); see also De Guzman v. Dep't of Navy, 231 Ct. Cl. 1005 (1982). Finally, the board determined that no evidence suggested that any retirement contributions were ever taken from his

pay.  These determinations are supported by the record, and they support the board's conclusion that he did not establish an entitlement to the benefits sought.

Dela Cruz argues that his promotion in 1983 brought him within the CSRA's coverage.  However, the board found no evidence to support this assertion, and observed that his SF-50s after that time continued to denote his retirement as "none." He further argues that the tenure status indicated on his SF-50s establishes that he was a permanent employee, specifically noting that his tenure group was changed during his employment.  However, to the extent this evidence conflicts with his retirement status designated on those same forms, the board did not err in weighing the evidence presented.  Rosete, 48 F.3d at 519-20.  We have considered the remaining arguments and find them without merit.