NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3268

SHERWIN CATALASAN,
(substituted for Dionisio Dela Cruz),

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————

DECIDED:  November 9, 2006

———————————

Before LOURIE, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Sherwin Catalasan petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the decision of the Office of Personnel Management ("OPM") denying the application of Mr. Catalasan's deceased uncle, Dionisio dela Cruz, for a deferred retirement annuity under the Civil Service Retirement System ("CSRS").  <u>Dela Cruz v. Office of Pers. Mgmt.</u>, No.  SF0831040586-I-1

(M.S.P.B. Apr. 25, 2005) ("Final Decision"). After Mr. dela Cruz died, Mr. Catalasan was determined to be the proper party to pursue this appeal. We affirm.

DISCUSSION

I.

From April 16, 1968, until his retirement on January 11, 1991, Mr. dela Cruz was employed by the Department of the Navy in the Philippines. The Standard Form 50 ("SF-50") that was issued at the time of Mr. dela Cruz's retirement indicated that Mr. dela Cruz occupied a position in the excepted service and that he participated in a non-Civil Service Retirement Act ("CSRA") plan. Following his retirement, Mr. dela Cruz applied for CSRS annuity benefits. Mr. dela Cruz indicated that he was seeking a reduced annuity with a survivor annuity for his nephew, Mr. Catalasan. In a reconsideration decision dated May 17, 2004, OPM affirmed its initial decision denying Mr. dela Cruz's claim.

Mr. dela Cruz appealed to the Board. In an initial decision dated October 19, 2004, the administrative judge ("AJ") to whom the appeal was assigned determined that Mr. dela Cruz never qualified for CSRS annuity benefits. He therefore sustained OPM's reconsideration decision. Dela Cruz v. Office of Pers. Mgmt., No. SF0831040586-I-1 (M.S.P.B. Oct. 19, 2004). The AJ's initial decision became the final decision of the Board on April 25, 2005, when the Board denied Mr. dela Cruz's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant 28 U.S.C. § 1295(a)(9).

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Eligibility for CSRS coverage requires that an employee complete at least five years of creditable service, and that at least one of the two years prior to separation "be subject to" the CSRA, in other words, covered service. Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995) (citing 5 U.S.C. § 8333(a)-(b)). Covered service includes only an appointment that is subject to the CSRS and for which an employee must deposit part of his pay into the Civil Service Retirement and Disability Fund. Id. (citing Noveloso v. Office of Pers. Mgmt., 45 M.S.P.R. 321, 323 (1990)).

Substantial evidence supports the Board's finding that none of Mr. dela Cruz's service was covered under the CSRS. Mr. dela Cruz served under two separate appointments: the first effective April 15, 1968 and the second effective October 27, 1974. Both appointments were described as "Exc Appt" without limitation. The first appointment did not have a SF-50 and was only documented by a "transcript of employment record as extracted from Official Personnel Folder (OPF) of Dionisio J. dela Cruz." The Board determined that this could be indicative of CSRS coverage but alone was not sufficient to carry petitioner's burden. For the second appointment, the Board pointed out that the SF-50 indicated a temporary appointment. Under 5 C.F.R.

§ 831.201, such an appointment is excluded from CSRS coverage. Further, the SF-50 for the second appointment described Mr. dela Cruz's retirement coverage as "none." The Board also based its decision on the January 10, 1991 SF-50 that was issued in connection with Mr. dela Cruz's retirement. That SF-50 described Mr. dela Cruz's retirement coverage as "other" and stated that he was entitled to a retirement payment in accordance with Filipino Employment Personnel Instructions. Receipt of retirement pay under a plan other than the CSRS reflects that an employee's service is not covered under the CSRS. 5 U.S.C. § 8333(1); DeGuzman v. Dep't of Navy, 231 Ct. Cl. 1005 (1982) (per curiam); Reyes v. Office of Pers.Mgmt., 60 M.S.P.R. 172, 175 (1993), aff'd, 29 F.3d 645 (Fed. Cir. 1994) (Table). Finally, there is no documentation in the record indicating that any contributions to the Civil Service Retirement and Disability Fund were withheld from Mr. dela Cruz's pay. The lack of such evidence is an indication that Mr. dela Cruz was not covered by the CSRS. Rosete, 48 F.3d at 516.

It is true, as the Board noted, that the summary of Mr. dela Cruz's employment history states that Mr. dela Cruz's 1968 and 1974 appointments both were excepted appointments without limitation. However, we see no error in the Board's conclusion that the summary of Mr. dela Cruz's employment was, in the face of the evidence outlined above, insufficient to establish that Mr. Dela's employment with the Navy was covered by the CSRS. We have considered all of Mr. Catalasan's other arguments and have found them to be without merit.

For the foregoing reasons, the final decision of the Board is affirmed.