NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAMIAN F. SENENCE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2023-1643

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-16-0803-I-1.

---

Decided: December 5, 2023

---

DAMIAN F. SENENCE, San Narciso, Zambales, Philippines, pro se.

DANIEL BERTONI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before CUNNINGHAM, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Damian F. Senence appeals from a final decision of the Merit Systems Protection Board (the "Board") denying his request for retirement benefits under the Civil Service Retirement System ("CSRS"). We affirm.

I

Mr. Senence was employed by the United States Department of the Navy in the Philippines from 1966 to 1992. S. Appx. 35.[1] During this time, he served in various roles, including as an aircraft mechanic inspector from 1979 until 1992. *Id.* When Mr. Senence retired in 1992, he was eligible for retirement benefits in the form of a lump-sum payment under the Filipino Employment Personnel Instructions ("FEPI"). S. Appx. 3, 42. Years later, in 2014, Mr. Senence applied for deferred retirement under the CSRS, pursuant to the Civil Service Retirement Act (5 U.S.C. § 8331 *et seq.*) ("CSRA"). S. Appx. 4. The United States Office of Personnel Management ("OPM") denied his claim, explaining that Mr. Senence "never served in a position subject to the Civil Service Retirement Act." S. Appx. 45.

Mr. Senence appealed OPM's decision to the Board. In its initial decision, an administrative law judge ("ALJ") determined that Mr. Senence was not an employee eligible for CSRS benefits because he did not meet the qualifications for "covered" service. S. Appx. 7-8. To reach this conclusion, the ALJ looked at Mr. Senence's employment records – called Standard Form 50s or "SF-50s" – and other evidence of his employment with the Navy. Based on its review, the ALJ found that Mr. Senence had only held "not-to-exceed" or "indefinite" positions throughout his service. Second, on each of his SF-50s, in the place to indicate which

---

[1] "S. Appx." refers to the supplemental appendix submitted by the government. *See* ECF No. 13.

retirement plan he was eligible for, the box for "other" or "none" was checked. *E.g.,* S. Appx. 37, 42. Additionally, "[t]he record contain[ed] no evidence that deductions for Civil Service Retirement System (CSRS) retirement benefit contributions were ever withheld from Mr. Senence's pay." S. Appx. 3. Finally, the ALJ pointed out that Mr. Senence was entitled to retirement benefits under the FEPI retirement plan.

Mr. Senence petitioned for review by a Board panel, which affirmed. The panel pointed out that "[t]emporary and indefinite appointments are excluded from CSRS coverage" and Mr. Senence had not shown he had held anything but a temporary or indefinite appointment. S. Appx. 24-25. It also noted that Mr. Senence had failed to allege that CSRS retirement deductions had been withheld from his pay.

Mr. Senence timely appealed. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

Our review of Board decisions is limited by statute. We are required to affirm unless the Board's judgment is "found to be – (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1378 (Fed. Cir. 2023). The burden to show entitlement to benefits in the federal civil service retirement system rests with the applicant. *See Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

## III

On appeal, Mr. Senence argues that he was an employee entitled to retirement benefits, based on various sections of the CSRA and certain regulations. He denies that he was required to deposit portions of his paycheck into the civil service retirement system in order to qualify for retirement benefits. The government responds that Mr. Senence is selectively isolating statutory and regulatory sentences and interpreting them contrary to their plain meaning in connection with the CSRA as a whole. It further contends that the Board's findings were supported by substantial evidence.

"To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be '*covered service*,' i.e., service that is subject to the Civil Service Retirement Act." *Quiocson v. Off. of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) (emphasis added); *see also* 5 U.S.C. § 8333. Creditable service under the CSRA – defined at 5 C.F.R. § 831.303(a) – is different from *covered service*, which is described in 5 U.S.C. § 8333. *See Rosete v. Off. of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995) ("*Covered service* only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund.") (emphasis added). Service "under temporary and indefinite appointments . . . is excluded from CSRS retirement coverage under OPM regulations," and, therefore, is not *covered service*. *Quiocson*, 490 F.3d at 1360; *see also* 5 C.F.R. § 831.201(a). Other indications that service is not covered service include information on appointment forms and the failure of the employing agency to withhold CSRS retirement contributions. *See Quiocson*, 490 F.3d at 1360. Moreover, if an employee receives benefits under a non-CSRS plan, this may be additional evidence that the employee did not engage in covered service for purposes of the CSRA. *See* 5 U.S.C. § 8331(1)(ii); *see also* 5 C.F.R. § 831.201(h); *De*

*Guzman v. Dep't of Navy*, 231 Ct. Cl. 1005, 1005-06 (1982) (holding that employee covered by collective bargaining agreement between Federation of Filipino Employees Association and U.S. was not in covered position for purposes of CSRS).

We find that the Board's decision was supported by substantial evidence. The Board reviewed Mr. Senence's employment records and made factual findings regarding the nature of his employment. In doing so, the Board found that Mr. Senence's employment was made up of "temporary or indefinite appointments," which were not, therefore, covered service. S. Appx. 7. The Board also observed that Mr. Senence's positions were covered by another retirement plan, FEPI. Further, the record lacks evidence that CSRS retirement contributions were ever withheld from Mr. Senence's pay.[2] While Mr. Senence points to references to "full-time" and "permanent" positions in certain of his employment records, the Board was free to credit (as the ALJ did) Navy correspondence explaining that these record entries "did not confer permanent employment for retirement purposes" and that "permanent" FEPI employees were not covered by the CSRS. S. Appx. 8. In any event, it was for the Board to weigh all of the evidence before it to assess whether Mr. Senence met his burden to

---

[2] Even if Mr. Senence is correct that his failure to contribute to CSRS is not dispositive of whether he held a covered service position – and, as he points out, the CSRA makes provision for retroactive contributions, *see* Opening Br. at 7 (citing 5 U.S.C. § 8334(c)) – this would not suggest the Board's conclusion lacks substantial evidence or is otherwise erroneous. As we explained in *Quiocson,* 490 F.3d at 1360: "The absence of deductions is an indication that an employee was not serving in a covered position. A retroactive deposit does not convert a non-covered position into a covered position."

show he performed covered service.  Substantial evidence, as described by the Board in its decisions and by us here, supports the Board's determination that he failed to do so.

### IV

We have considered Mr. Senence's other arguments and find them to be unavailing.  Accordingly, for the reasons stated, we affirm the Board's dismissal of Mr. Senence's application.

### AFFIRMED

#### COSTS

No costs.